19-3355-cv
*Zapata v. HSBC Holdings PLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of October, two thousand twenty.

PRESENT:  BARRINGTON D. PARKER,
               DENNY CHIN,
                         *Circuit Judges*,
               JANE A. RESTANI,
                         *Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARY M. ZAPATA, individually and as administrator of the estate of JAMIE ZAPATA, AMADOR ZAPATA, JR., AMADOR ZAPATA, III, CARLOS ZAPATA, JOSE ZAPATA, E. WILLIAM ZAPATA, VICTOR AVILA, JR., individually and as guardian for S.A. and V.E.A., CLAUDIA AVILA, individually and as guardian for S.A. and V.E.A., VICTOR AVILA, MAGDALENA AVILA, MAGDALENA AVILA VILLALOBOS, JANNETTE QUINTANA, MATHILDE CASON, individually and as administrator of the estate of ARTHUR and LESLEY REDELFS and as guardian for R.R., ROBERT

---

* Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

CASON, REUBEN REDELFS, PAUL REDELFS, KATRINA REDELFS JOHNSON, BEATRICE REDELFS DURAN, RAFAEL MORALES, individually and as administrator of the estate of RAFAEL MORALES VALENCIA, MARIA MORALES, MORAIMA MORALES CRUZ, individually and as administrator of the estate of FELIX BATISTA, ADRIELLE BATISTA, AMARI BATISTA, ALYSANDRA BATISTA, ANDREA BATISTA, ADAM BATISTA, MARLENE NORONO, and JACQUELINE BATISTA,

*Plaintiffs-Appellants*,

-v-                                    19-3355-cv

HSBC HOLDINGS PLC, a United Kingdom Corporation, HSBC BANK USA, N.A., INSTITUCION DE BANCA GRUPO FINANCIER HSBC MEXICO S.A., and GRUPO FINANCIERO HSBC, SA DE CV,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | RICHARD M. ELIAS, Elias LLC, St. Louis, Missouri, *and* Michael B. Eisenkraft, Cohen Milstein Sellers & Toll PLLC, New York, New York. |
| FOR DEFENDANTS-APPELLEES: | ANDREW J. PINCUS (Marc R. Cohen, Mark G. Hanchet, and Robert W. Hamburg, *on the brief*), Mayer Brown LLP, Washington, DC, *and* New York, New York. |

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

2

Plaintiffs-appellants ("plaintiffs") appeal the district court's judgment, entered September 30, 2019, dismissing their claims against defendants-appellees HSBC Holdings and its affiliates in Mexico and the United States ("defendants"). By memorandum and order also entered September 30, 2019, the district court granted defendants' motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(2), and for failure to state a claim under Rule 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Plaintiffs are American victims of horrific attacks by the Sinaloa, Juárez, and Los Zetas drug cartels in Mexico. They allege that defendants "knowingly laundered billions of dollars for [the cartels], knowing or deliberately disregarding the fact that said funds would be used to support the Mexican cartels and their terrorist acts against Mexican and U.S. citizens." J. App'x at 38.

Plaintiffs sued under the Anti-Terrorism Act ("ATA"), which provides a cause of action for "[a]ny national of the United States," or "his or her estate, survivors, or heirs," "injured . . . by reason of an act of international terrorism." 18 U.S.C. § 2333(a). "International terrorism" is defined as "activities that": (1) are "violent acts or acts dangerous to human life"; (2) are crimes or would be crimes if committed in the United States; (3) "appear to be intended" to intimidate, coerce, or influence government or civilian conduct; and (4) occur abroad or are international in scope. 18 U.S.C. § 2331(1).

3

Plaintiffs allege that defendants materially supported terrorists in violation of 18 U.S.C. § 2339A and 18 U.S.C. § 2339C.

This Court has made clear that "conduct that violates a material support statute can also satisfy the § 2331(1) definitional requirements of international terrorism in some circumstances. . . . But the provision of material support to a terrorist organization does not invariably equate to an act of international terrorism." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 326 (2d Cir. 2018). In other words, to survive defendants' motion to dismiss under Rule 12(b)(6), plaintiffs must plausibly allege that in *their* case, defendants' conduct satisfies each element required by the statute. For reasons substantially similar to those stated by the district court in granting this prong of defendants' motion, we hold that plaintiffs have failed to plausibly allege that their claims arise from acts of international terrorism on the part of defendants.

Because we hold that defendants have failed to state a claim against defendants, we need not review the personal jurisdiction and preclusion issues decided by the district court. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4